**SIGNED this 22 day of August, 2019.**



_____
**John T. Laney, III
United States Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 19-40152-JTL |
| Scott Allen Sheffield, | ) | |
| | ) | Chapter 7 Proceeding |
| Debtor. | ) | |
| | ) | |
| Scott Allen Sheffield, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | |
| United States of America on behalf of the | ) | |
| United States Department of Education, | ) | |
| Pennsylvania Higher Education Assistance | ) | No. 19-04004 |
| Agency, & Pennsylvania Higher Education | ) | |
| Assistance Agency d/b/a Fedloan Servicing, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION DENYING
DEFENDANTS' RULE 12(b)(6) MOTIONS TO DISMISS**

In this adversary proceeding, the Plaintiff, Scott Allen Sheffield ("Sheffield"), seeks an order determining his debt to the Defendants, a consolidated educational loan, is dischargeable pursuant to 11 U.S.C. § 523(a)(8). The case is currently before the Court on a Motion to Dismiss originally filed by Defendant the United States of America on behalf of the Department of Education ("DoE") and joined by Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA"). The Defendants argue that the complaint fails to state a claim upon which relief can be granted because Sheffield incurred the debt post-petition.

After taking this matter under advisement to review the applicable law and the parties' arguments, the Court concludes that the operative complaint states a claim as pled. Therefore, the Court denies this motion.

## MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding under Federal Rule of Bankruptcy Procedure 7012, a court may dismiss an action where the complaint fails to state a claim upon which relief can be granted. "The scope of the review [in a Rule 12(b)(6) motion] must be limited to the four corners of the complaint." *St. George v. Pinellas Co.*, 285 F.3d 1334, 1337 (11th Cir. 2002). And where the complaint has been amended, as it has here, the court's review is limited only to the operative complaint, even where the original complaint contained allegations that may have supported dismissal. See *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 173 (3rd Cir. 2013) ("[A]t the motion to dismiss stage, when the district court typically may not look outside the four corners of the amended complaint, the plaintiff cannot be bound by allegations in the superseded complaint."); *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998) ("A court cannot

2

resuscitate. . . facts [from an original complaint] when assessing whether the amended complaint states a viable claim.")

When evaluating the merits of a Rule 12(b)(6) motion, a court must construe the pled allegations in the light most favorable to the plaintiff and accept them as true. *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Further, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. As the Supreme Court noted in *Twombly*, "a well-plead[] complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." 550 U.S. at 556. With that standard in mind, this Court now turns to the merits of Defendants' motions.

**PROCEDURAL BACKGROUND**

Sheffield filed the complaint initiating this adversary proceeding on March 27, 2019. (Compl.; A.P. Doc. No. 1). PHEAA and the DoE filed separate motions to dismiss the complaint. The Court denied PHEAA's first motion on procedural grounds. (Order Denying Mot. to Dismiss; A.P. Doc. No. 60). DoE's motion, which PHEAA subsequently joined, is currently before the Court.

Prior to the parties' submitting additional briefs on the motion, Sheffield moved to amend the complaint. (Mot. to Amend.; A.P. Doc. No. 72). The amendments in the complaint significantly altered many of the allegations cited by the DoE as cause for dismissal, as

illustrated in the following section. Neither of the Defendants filed written objections to the amendments and the Court entered an order amending the complaint.[1] (Order Granting Mot. to Amd.; A.P. Doc. No. 89).

After briefing arguments in the motion to dismiss, Sheffield, without moving for leave to amend, filed a second amended complaint. (2nd Amend. Compl.; A.P. Doc. No. 94). The amendments again made material changes to the allegations cited by the Defendants as grounds for dismissal. This second amendment could not be filed as a matter of course under Rule 15(a)[2] and, as such, the amendment requires the Court's approval. Sheffield has since sought leave to amend (2nd Mot. to Amd. Compl.; A.P. Doc. No. 97), but the second amendment has not been approved.

## ALLEGATIONS IN SHEFFIELD'S COMPLAINTS

In the amended complaint, Sheffield alleges that, prior to filing this case, he co-signed on approximately $79,000 of student loans incurred by his daughter. The daughter, however, is unable to make payments on the loans. On February 7, 2019, he "attempted to repackage" the student loans. (Amd. Compl., ¶ 2). On that same day, Sheffield claims that he "executed a promissory note entering into a written agreement with his existing creditor(s). . . to repackage" his student loans. (Id.). It is seemingly undisputed that the transaction occurred through the Federal Direct Consolidation Loan program ("FDCL"). Sheffield describes the transaction as "received, processed, and agreed to" between himself and the Defendants. On February 22,

---

[1] At the hearing on the Motion to Amend, the Court expressed some concern with the sufficiency of notice given by Sheffield's attorney. The Defendants, though concerned with the lack of time to review the amendments in the 109 paragraph complaint, elected to proceed on their dismissal motions.

[2] Applicable to this proceeding through Federal Rule of Bankruptcy Procedure 7015.

2019—fifteen days after entering into the consolidation agreement, Sheffield filed this bankruptcy petition seeking relief under Chapter 7 of the Bankruptcy Code.

Although Sheffield avoids using the word "consolidation" in the amended complaint, he did use that word to describe the transaction in the first filed complaint. The first complaint acknowledges consolidation of the previously incurred student-loan obligations. (Original Compl. ¶ 3; A.P. Doc. No. 1). Further, he acknowledged that, upon consolidation, the prior student loans were paid in full. (Original Compl. ¶ 97; Id.). DoE cited these admissions as demonstrating that the consolidation discharged the prior notes; however, these paragraphs were omitted or altered in the amended complaint.

## DISCUSSION

If Sheffield incurred the notes allegedly held by the Defendants post-petition, the debt is non-dischargeable. A Chapter 7 discharge only discharges a debtor from those debts "that arose before the date of the order for relief under [Chapter 7.]" 11 U.S.C. § 727(b). This is true regardless of whether repayment of the that debt might be an undue hardship under 11 U.S.C. § 523(a)(8).

The Defendants contend that, while Sheffield originally incurred student-loan debts well before he filed the petition, the consolidation created a new obligation. That obligation, the argument continues, arose post-petition and satisfied the pre-petition—and therefore possibly dischargeable under 11 U.S.C. § 727(b)—debt.

While this may be valid defense to the claim, the Court cannot conclude that dismissal is proper at this stage. In a motion to dismiss under Rule 12(b)(6), a court must constrain its analysis to the allegations in the operative pleadings. Here, the Court granted leave to amend the complaint and accordingly, that pleading became the document through which Sheffield asserts

his claims. The amended complaint no longer contains an allegation that the loan proceeds were disbursed to pay the prior student-loans.

Finally, Sheffield's exclusion of these allegations does not undermine his prima facie case; consolidation is not a requisite element to support a determination of dischargeablity under 11 U.S.C. § 548(a)(8). With these new allegations, which the Court must accept as true at this stage, and without an assertion that the loan was disbursed post-petition, the Court cannot find that the complaint fails to state a claim.

## CONCLUSION

The Defendants may have factual and legal grounds to assert their defense. However, the Court does not believe that a Motion to Dismiss is the proper mechanism when the complaint alleges facts that would, if supported by adequate evidence, entitle Sheffield to the relief sought. The Court will limit initial discovery to factual issues concerning this defense—whether the consolidation occurred pre- or post-petition and whether such loan is dischargeable under 11 U.S.C. § 727(b).

To conclude, the complaint in this case alleges that Sheffield's application for loan consolidation through the FDCL program was accepted and a promissory note was signed on February 7, 2019. Although the Defendants argue that, in fact, the consolidation loan did not disburse until after the Debtor filed his Chapter 7, the Plaintiff's complaint no longer contains an allegation concerning disbursement. As such, the complaint states a claim for dischargeabilty under 11 U.S.C. § 523(a)(8).

[END OF DOCUMENT]